IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CRYSTAL DAWN BAILEY                                                                 PLAINTIFF

V.                                          NO. 12-2060

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security Administration                    DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Crystal Dawn Bailey, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her application for SSI on January 8, 2009, alleging an inability to work due to " Learning dib; bipolar; manic depression; dyslexia; back problems." (Tr. 148-152, 165, 169). An administrative hearing was held on May 17, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 21-47).

By written decision dated August 16, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - major

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

AO72A
(Rev. 8/82)

depressive disorder, borderline personality features, and learning disability. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform:

> a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and use of little judgment, and the supervision required is simple, direct, and concrete.

(Tr. 15). With the help of a vocational expert (VE), the ALJ determined Plaintiff did not have past relevant work, but was capable of performing other jobs, such as hospital cleaner, cleaner/housekeeper, and assembly worker. (Tr. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on January 25, 2012. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled

an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.   Discussion:

Plaintiff contends the following on appeal: 1) That Plaintiff has additional impairments that are severe; 2) The ALJ made an improper RFC determination; and 3) The ALJ made an improper step five finding. (Doc. 10).

### A.   Severe Impairments:

An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § § 404.1521, 416.921. The Supreme Court has adopted a "de minimis standard" with regard to the severity standard. Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cri. 1989).

The ALJ concluded that Plaintiff's shingles, elbow injury, migraines, and back pain were considered non-severe impairments. (Tr. 13).

The first medical record dealing with shingles is dated March 26, 2009, from Sparks Regional Medical Center, when Plaintiff was diagnosed with Herpes Zoster. (Tr. 316). On

August 13, 2009, Plaintiff presented herself to Good Samaritan Clinic, complaining of shingles on her face. (Tr. 501). The physician indicated in the assessment that he would treat the condition like shingles, and prescribed Acyclovir. (Tr. 501). There is no indication in the record that Plaintiff sought follow up treatment, which could indicate that the medicine was effective. Conditions controlled with medication are not medically severe. See Wilson v. Chater, 76 F.3d 238, 241 (8th Cir. 1996).

As to Plaintiff's elbow injury, on September 23, 2007, Plaintiff fell while skating and injured her elbow. (Tr. 280). Three views of Plaintiff's elbow were x-rayed, which revealed the presence of elbow joint effusion, but no bony injury was identified. (Tr. 284). No further complaints regarding Plaintiff's elbow were recorded, and there was no indication from medical care providers that Plaintiff suffered from any limitations as a result of the injury.

With respect to Plaintiff's back pain, x-rays of Plaintiff's lumbar spine revealed no significant abnormality. (Tr. 240). In addition, on March 9, 2009, Plaintiff underwent a General Physical Examination by APN Marie Pham-Russell, which was signed off on by Dr. Rebecca R. Floyd, M.D. (Tr. 241-244). Plaintiff objected to the examination being denominated as being done by Dr. Floyd, since Dr. Floyd did not perform the examination. (Tr. 24). The ALJ indicated that he would correct the record to show that the APN was the one who actually performed the examination. (Tr. 24). In the exam, the APN reported that as to Plaintiff's gait/coordination, Plaintiff demonstrated an exaggerated walk. (Tr. 242). She also reported that Plaintiff's limb function was normal, and all ranges of motions were normal. (Tr. 242-243). She concluded that based on the exam, "patient demonstrates exaggeration of pain. There are no physical limitations noted." (Tr. 244). Although a nurse practitioner is not considered an "acceptable medical

-5-

source," the ALJ may used evidence from "other sources," which includes nurse practitioners, to show the severity of the individual's impairments and how an impairment affects the individual's ability to function. Social Security Ruling (SSR) 06-03P at *2, 2006 WL 2329939 (S.S.A.); 20 C.F.R. § 416.913(d)(1). Plaintiff was prescribed Mobic for her back pain on August 4, 2009, by the Good Samaritan Clinic.

With respect to Plaintiff's migraine headaches, there is nothing in the record to indicate that they limited Plaintiff's ability to perform basic work activities. Plaintiff drives, cares for her two young children, goes shopping, plays with her son, goes to the park, and does household chores "when I feel like it."  (Tr. 249).

The Court finds there is substantial evidence to support the ALJ's finding that Plaintiff's shingles, elbow injury, migraine headaches and back pain have no more than a minimal effect on her ability to work, and are therefore non-severe.

**B.    RFC Determination:**

RFC is the most a person can do despite that person's limitations.  20 C.F.R. §404.1545(a)(1).  It is assessed using all relevant evidence in the record.  Id.  This includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the

AO72A
(Rev. 8/82)

claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The ALJ considered the mental status consultative examination performed by Robert L. Spray, Ph.D., who diagnosed Plaintiff with major depression and borderline personality features. He also considered the general physical consultative examination report conducted by Marie Pham-Russell, APN., and signed by Dr. Rebecca Floyd.   (Tr. 16). The ALJ considered Plaintiff's description of her limitations, and found that her statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with the RFC assessment. (Tr. 16). The ALJ noted that Plaintiff had no difficulty with self-care and that she drove and went shopping. (Tr. 14). The record also reflects that she had been terminated from previous jobs because she was either late a lot or "sometimes I wouldn't go in." (Tr. 37, 247). At the hearing, Plaintiff stated that she had problems doing household chores because "I don't feel like doing them - I don't know. I should do them, but I don't feel like it." (Tr. 31). She testified that she worked at some convenience stores but "didn't feel like going in. I couldn't get out of bed." (Tr. 37). Plaintiff testified that she had not been back to Good Samaritan Clinic since August of the prior year because "'[t]hey said that I'd missed too many times and they couldn't see me anymore." (Tr. 34). Plaintiff testified that she was still smoking, but that she had cut down to maybe six cigarettes a day. (Tr. 36).

The ALJ noted that Dr. Spray observed that Plaintiff was lacking in motivation as well, and that Plaintiff had not engaged in substantial gainful activity at any point in her adult life. (Tr. 16). The ALJ gave Dr. Spray's report substantial weight as to Plaintiff's actual limitations, and

AO72A
(Rev. 8/82)

incorporated it into the RFC. He also recognized that Dr. Spray gave Plaintiff a Global Assessment of Functioning Score of 40 to 50, but concluded that the GAF assessment provided a snapshot of Plaintiff's condition on that day, and because Dr. Spray was not a treating physician, he could not provide a longitudinal picture of Plaintiff. The ALJ gave the state agency consultants opinions substantial weight to the extent they concluded Plaintiff could perform work where interpersonal contact was incidental to the work performed, the complexity of tasks was learned and performed by rote with few variables and little judgment involved, and supervision was simple, direct, and concrete. (Tr. 17).

The Court finds that the record as a whole supports the ALJ's RFC assessment, and that he gave proper weight to the evidence presented. The record does not support any further limitations than those reflected in the RFC.

  **C.**  **Step 5 Finding:**

Plaintiff contends that the hypothetical question proposed to the VE did not contain all of Plaintiff's limitations. In his hypothetical question to the VE, the ALJ asked the VE to:

> Assume a hypothetical individual, same age, education, no past relevant work, as the claimant. Assume the individual has no exertional limitations, which from a non-exertional standpoint is about to perform work where interpersonal contact is incidental to the work performed, complexity of tasks is learned and performed by rote with few variables, little judgment; supervision required is simple, direct, and concrete. Can you identify jobs at all three exertional levels – medium, light, and sedentary - that would accommodate those limits?

(Tr. 43). In response, the VE stated that at the medium exertional level, the individual would be able to perform jobs as a hospital cleaner; at the light exertional level, the individual would be able to perform jobs as a cleaner or housekeeper; and at the sedentary exertional level, the

individual could perform assembly job work. (Tr. 43-44). In Dr. Spray's report, he found Plaintiff's pace was somewhat slower than average and that she showed some evidence of slow pace. (Tr. 250). However, Dr. Spray also indicated that Plaintiff was "lacking in motivation." (Tr. 250). In addition, Dr. Spray noted that Plaintiff's attention and concentration appeared good and that she persisted well during the exam. He opined that she may have difficulty persisting with tasks "that she does not like in a job setting." (Tr. 250).

After thoroughly reviewing the hearing transcript, along with the entire evidence of record, the Court finds that the hypothetical the ALJ proposed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. See Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's response constitutes substantial evidence supporting the ALJ's conclusion that there were jobs in the national economy that Plaintiff would be able to perform. The Court further finds that the evidence as a whole supports the fact that a lack of motivation is a more direct cause of Plaintiff's inability to function in the workplace, rather than a physical or mental impairment.

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 8th day of March, 2013.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE